UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO SANTIAGO MEZA-CORRALES,<br><br>Defendant. | NO. CR-05-6048-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On February 21, 2006, Defendant Hugo Santiago Meza-Corrales filed a Motion to Dismiss. (Ct. Rec. 22.) Mr. Meza-Corrales' motion was noted for hearing with oral argument on March 7, 2006, during his pretrial conference. However, after reviewing Mr. Meza-Corrales' motion and the Government's response, in which it indicates it does not oppose the motion, the Court finds oral argument unnecessary[1] and hereby grants Defendant's motion.

## I. Background

Mr. Meza-Corrales entered the United States from Mexico with his mother in 1984. (Ct. Rec. 23 Ex. A & B.) Mr. Meza-Corrales thereafter attained lawful permanent resident status in 2000. *Id.* at Ex. A. On December 16, 2003, Mr. Meza-Corrales was convicted in Oregon of attempted

---

[1] *See* LR 7.1(h)(3).

ORDER ~ 1

sexual abuse in the first degree in violation of O.R.S. § 161.405(2)(c). *Id.* at Ex. C.

On February 20, 2004, the Immigration and Naturalization Service ("INS") served Mr. Meza-Corrales with a Notice to Appear, claiming, despite his lawful permanent resident status, he was deportable on the based on his commission of an aggravated felony, i.e. attempted sexual abuse in the first degree. *Id.* at Ex. D.  On March 3, 2004, in accordance with the INS Notice to Appear, Mr. Meza-Corrales appeared before an immigration judge for a deportation hearing. *Id.* at Ex. E.  Following the hearing, the immigration judge entered an order of removal, *Id.* at Ex. G, and Mr. Meza-Corrales was subsequently deported to Mexico on March 9, 2004, *Id.* at Ex. H.

On November 9, 2005, Mr. Meza-Corrales was indicted in the Eastern District of Washington on a charge he had violated 8 U.S.C. § 1326, by being an alien in the United States after deportation. (Ct. Rec. 1.)  Mr. Meza-Corrales' March 3, 2004, deportation forms the basis of the November 9, 2005, Indictment. *Id.*

## II. Analysis

Section 1326(a) of Title 8 of the United States Code provides:

> [A]ny alien who -- (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act

is criminally liable.

ORDER * 2

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998). Under such review, if the district court finds "(1) [the defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects" the deportation stemming from the defective proceedings may not be used to prove the defendant violated § 1326. *Id.; see generally United States v. Mendoza-Lopez*, 481 U.S. 828 (1987).

Mr. Meza-Corrales moves the Court to dismiss the § 1326 charge brought against him because the deportation relied upon in the Indictment was invalid. In the most lucid and cogent memorandum filed in support of such a motion that the Court has had the pleasure of reading, Mr. Meza-Corrales first contends he was denied due process during his March 3, 2004, deportation hearing when the immigration judge (1) did not conduct a categorical review and (2) looked beyond his record of conviction to determine whether his December 16, 2003, Oregon conviction for attempted sexual abuse in the first degree constituted the removable offense of "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). Mr. Meza-Corrales then argues the due process violations occurring during his deportation proceeding caused him prejudice because he was thereafter precluded from seeking the plausible relief of voluntary departure. The Court addresses Mr. Meza-Corrales' arguments below.

**A. Defective Deportation Proceeding**

Under 8 U.S.C. § 1227(a)(2)(A)(iii), any "alien who is convicted of an aggravated felony at any time after admission is deportable." As used

ORDER * 3

in the foregoing statute, "aggravated felony" means "murder, rape, or sexual abuse of a minor." 8 U.S.C. 1101(a)(43)(a). Furthermore, "sexual abuse of a minor" is defined as any offense involving

> the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children.

*Parrilla v. Gonzales*, 414 F.3d 1038, 1041 (9th Cir. 2005). To determine whether a particular prior conviction constitutes an aggravated felony, immigration judges must first apply the categorical approach of looking only to the statutory definition of the prior convicted offense alleged to be an aggravated felony. *United States v. Tokatly*, 371 F.3d 613, 621 (9th Cir. 2004).

When it is not clear from the statutory definition of the prior offense whether it constitutes an aggravated felony, the immigration judge may employ a modified categorical approach and look beyond the language of the statute to a narrow set of records included in the alien/defendant's record of conviction. *Notosh v. Gonzalez*, 427 F.3d 693, 697 (9th Cir. 2005). This narrow set of records includes the alien/defendant's charging documents, signed plea agreement, and judgment. *Id.* The immigration judge may not "look beyond the record of conviction itself to the particular facts underlying the conviction." *Tokatly*, 371 F.3d at 620. Under the modified categorical approach, the government carries the burden of clearly establishing the alien/defendant's conviction constituted an aggravated felony. *United States v. Kelly*, 422 F.3d 889, 895 (9th Cir. 2005).

Mr. Meza-Corrales' due process rights were violated during his deportation hearing when the immigration judge bypassed the categorical

ORDER * 4

approach outlined in *Tokatly* and began his inquiry of whether Defendant's prior conviction constituted an aggravated felony, i.e. sexual abuse of a minor, by beginning with a modified categorical approach of reviewing his record of conviction. (*See* Ct. Rec. 23 Ex. F at 2-3.)  Under the categorical approach, the immigration judge should have began by reviewing the language of the Oregon statutes Mr. Meza-Corrales was previously convicted under to determine whether his underlying Oregon conviction for attempted sexual abuse in the first degree involved the sexual abuse of a minor. *Id.*  Had this approach been employed, the immigration judge would have determined Mr. Meza-Corrales' O.R.S. § 161.405(2)(c) conviction (Ct. Rec. 23 Ex. C) did not necessarily involve the sexual abuse of a minor.

Under O.R.S. § 161.405(2)(c), a person is criminally liable for *attempted* sexual abuse in the first degree if he intentionally engaged in conduct constituting a substantial step towards the commission of crime under O.R.S. § 163.427, Oregon's sexual abuse in the first degree statute.  A person commits sexual abuse in the first degree in Oregon, if he

> (a) subjects another person to sexual contact and:
>     (A) the victim is less than 14 years old of age;
>     (B) the victim is subjected to forcible compulsion by the actor; *or*
>     (C) the victim is incapable of consent by reason of being mentally defective, mentally incapacitated or physically helpless; *or*
>
> (b) intentionally causes a person under 18 years of age to touch or contact the mouth, anus, or sex organs of an animal for the purpose of arousing or gratifying the sexual desire of a person.

O.R.S. § 163.427 (emphasis added).  Thus, because subsections(a)(B) and (a)(C) do not require the involvement of a minor, Mr. Meza-Corrales'

ORDER * 5

underlying Oregon conviction for attempted sexual abuse in the first degree may not have constituted sexual abuse of a minor under *Parrilla* or an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).

Next, Mr. Meza-Corrales' due process rights were further violated when the immigration judge looked beyond Mr. Meza-Corrales' record of conviction to facts not contained in his charging documents, plea agreement, or judgment, when he employed the modified categorical approach to determine whether the underlying Oregon conviction involved the sexual abuse of a minor. *See Tokatly*, 371 F.3d at 620; (Ct. Rec. 23 Ex. F at 3). Had the immigration judge limited himself to a review of Mr. Meza-Corrales' record of conviction, he would have been unable to determine whether the underlying crime involved a minor because the age of the victim was never referred to in Mr. Meza-Corrales' charging documents or judgment (Ct. Rec. 23 Ex. C), nor mentioned during his change of plea hearing (Ct. Rec. 25 Ex. K). The immigration judge's use of police reports connected to the underlying Oregon conviction to determine the age of Mr. Meza-Corrales' victim (*see* Ct. Rec. 23 Ex. F at 4) and whether the crime constitutes an aggravated felony for removal purposes is prohibited under *Tokatly*, 371 F.3d at 620. For this reason, the Court finds Mr. Meza-Corrales' March 3, 2004, deportation proceedings defective under the Due Process Clause.[2]

---

[2] Mr. Meza-Corrales also argues he was denied due process during his deportation proceedings when the immigration judge failed to advise him of his apparent eligibility for relief from removal. Because the Court has already determined Mr. Meza-Corrales' due process rights were violated, his second due process argument need not be addressed.

ORDER * 6

**B. Prejudice**

In a § 1326 criminal proceeding, to successfully challenge the validity of an underlying deportation based on defects in the deportation hearing, a defendant must also demonstrate "he suffered prejudice as a result of the defects." *Zarate-Martinez*, 133 F.3d at 1197; *United States v. Proa-Tovar*, 975 F.2d 592, 594 (9th Cir. 1992). To demonstrate prejudice in such a setting, the defendant need only establish he had a "plausible" basis for relief from deportation. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). In other words, the defendant need only prove that, but for the deportation proceeding defects, it is plausible the outcome of his deportation hearing would have been different. The defendant need not prove he would have actually avoided deportation. *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir. 1996).

Voluntary departure is a form of relief from deportation. Voluntary departure is available to all aliens except aggravated felons and terrorists. 8 U.S.C. § 1229c(b). In this instance, because Mr. Meza-Corrales was improperly deemed an aggravated felon by the immigration judge, he was not advised of his eligibility for voluntary departure. Had Defendant been advised of such eligibility, it is plausible he would have taken advantage of the opportunity to voluntarily depart and not been involuntarily removed. Thus, the immigration judge's failure to advise Mr. Meza-Corrales of his eligibility for voluntary departure equates to prejudice under the two-prong *Zarate-Martinez* test. *See Ortiz-Lopez*, 385 F.3d 1202 (9th Cir. 2004).

///

///

ORDER \* 7

**C. Conclusion**

Because Defendant has demonstrated his March 3, 2004, deportation proceeding was defective, i.e. violated the due process clause, and that he was prejudiced by those defects, the deportation stemming from the March 3, 2004, deportation proceedings may not serve as the basis of § 1326 conviction. Accordingly, because Mr. Meza-Corrales' § 1326 charge is premised upon said deportation, the charge against him is dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss **(Ct. Rec. 22)** is **GRANTED**.

2. Defendant's **pretrial conference** set for **March 7, 2006**, and **jury trial** set for **March 27, 2006**, are **STRICKEN**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and to provide copies to counsel, the U.S. Probation Office, U.S. Marshal, and the Jury Administrator.

**DATED** this 1st day of March, 2006.

                                   S/ Edward F. Shea
                                   EDWARD F. SHEA
                              United States District Judge

Q:\Criminal\2005\6048.dismiss.wpd

ORDER * 8